[No. A104903. First Dist., Div. Five. Apr. 5, 2005.]

HAYWARD AREA PLANNING ASSOCIATION et al., Plaintiffs and Appellants, v.
CITY OF HAYWARD et al., Defendants and Respondents;
HAYWARD 1900, INC., Real Party in Interest and Respondent.

COUNSEL

McInerney & Dillon and Jewell J. Hargleroad for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

Sheppard, Mullin, Richter & Hampton, Philip F. Atkins-Pattenson and Kristen A. Jensen for Real Party in Interest and Respondent.

OPINION

**GEMELLO, J.**—Plaintiffs brought a CEQA action against the City of Hayward. After the trial court denied the petition, Hayward 1900, Inc., the developer and real party in interest, filed a cost bill seeking more than $50,000 for preparation of the administrative record. Plaintiffs moved to tax

costs, arguing that the City improperly delegated the task of preparing the record without their knowledge or consent. The trial court ruled that the delegation was permissible, but taxed all costs beyond those the City reasonably would have incurred had it prepared the record itself. We reverse, holding that the delegation violated Public Resources Code section 21167.6.

FACTUAL & PROCEDURAL BACKGROUND

On October 22, 2002, Hayward Area Planning Association, Hayward Hills Property Owners Association and Greenbelt Alliance (Plaintiffs) filed a petition for a writ of mandate against the City of Hayward, the Hayward City Council (collectively, the City), and the Hayward Unified School District (the School District), alleging noncompliance with the California Environmental Quality Act (CEQA), Public Resources Code section 21000 et seq.[1] Hayward 1900, Inc. (Hayward 1900), the developer of the affected project, was identified as the real party in interest.

Plaintiffs asked the City and School District, defendants and respondents in the trial court (referred to herein as Defendants),[2] to prepare the administrative record pursuant to section 21167.6, subdivision (a), but reserved the right to prepare the record themselves or make other arrangements after receiving Defendants' cost estimate. Defendants notified Plaintiffs that the record would consist of at least 5,000 pages of material from the City and 4,000 pages from the School District; that if Plaintiffs prepared the record themselves, they would be charged ten cents a page for copying; and that if Defendants prepared the record, the cost would be ten cents a page for basic copying, plus charges for binding, transcription of hearings, copying of oversized materials, and labor "as reasonably necessary . . . for collection, organization, Bates stamping and indexing of the record." Based on those representations, Plaintiffs elected to have Defendants prepare the record.

In turn, Defendants requested that the law firm representing Hayward 1900 prepare the record. According to Defendants, this assistance was necessary to ensure timely completion of the record. Plaintiffs were never informed of Defendant's arrangement with Hayward 1900 and they never agreed to it. The final record of the City proceedings alone consisted of 7,810 pages.

---

[1] All statutory references are to the Public Resources Code unless otherwise indicated.

[2] The City and the School District are not parties to this appeal. Real party in interest Hayward 1900 is the respondent in this appeal.

In February 2003, Plaintiffs dismissed their claims against the School District and the District agreed to bear its own costs. In June 2003, the trial court denied Plaintiffs' petition against the City. The court entered judgment in favor of the City and Hayward 1900 and awarded both the City and Hayward 1900 costs.[3]

The City did not file a cost bill, but Hayward 1900 sought $50,421 in costs. All but $228 of those costs were related to preparation of the administrative record, including $1,373 for transcripts, $39,629.25 in paralegal time, $203.26 in paralegal expenses, and $8,987.27 for numbering and duplication.[4] The paralegal who worked on the record reported 71.3 hours of work on the record in 2002, charged at $161.50 per hour, and 164.3 hours in 2003, charged at $171 per hour.

Plaintiffs moved to tax costs on three grounds: (1) the costs of the transcripts and the administrative record were not properly awarded to Hayward 1900, because preparation of the administrative record was the responsibility of the City, not Hayward 1900; (2) the paralegal fees and expenses and the cost of numbering and duplicating the record were unnecessary and unreasonable; and (3) the cost bill included the costs of preparing the School District record, which the District had waived.

The trial court found there was "no specific authority for the proposition that it was unlawful for [Defendants] to assign the task of record preparation to real parties in interest. . . . Nonetheless, this Court does find that failure to notify [Plaintiffs] of the assignment violated the spirit of the Public Resources Code regarding preparation of the record. . . . Public Resources Code section 21167.6 reflects the intention of the legislature to provide [Plaintiffs] the opportunity to mitigate costs by undertaking the record preparation on their own. By not fully disclosing the circumstances under which [Defendants] determined to prepare the record, [Plaintiffs] were deprived of an important opportunity created to preserve meaningful challenge by the public under CEQA."

The court held that the proper measure of reasonableness for the cost bill was the costs that would have been incurred had Defendants prepared the record themselves. The court found credible Defendants' claim that they did not have the time or resources to compile the records within CEQA timelines using their own personnel. The court found it reasonable that Defendants

---

[3] Plaintiffs dismissed their appeal of the judgment on the merits.

[4] Plaintiffs did not object to the $228 filing fee in the cost bill.

chose to meet the standard CEQA deadlines rather than seeking an extension of time, even though that choice increased the cost of preparing the record. Further, the court concluded that a public agency that reasonably uses outside assistance may recover the costs of that outside assistance, including labor costs.

However, the court found that Defendants made no effort to minimize costs after delegating preparation of the record to Hayward 1900, and the court taxed certain costs accordingly. It taxed the costs associated with the use of an outside copying service as well as the paralegal's hourly rate. It found that the hourly rate for the paralegal had not been substantiated and that an $82 hourly rate (the rate charged by the City of Oakland for paralegal work in another CEQA case) "reflects more closely a rate that would typically be charged by a local public entity, in contrast to that charged by a private law firm located in San Francisco with its associated overhead." The court reduced by 20 percent the hours reported by the paralegal to exclude inefficiencies as well as tasks that would have been unnecessary if Defendants had compiled the record. Finally, the court taxed all costs associated with the preparation of the administrative record of the School District proceedings, because the District had agreed to bear those costs.

The trial court directed Hayward 1900 to prepare and file a revised cost bill and granted plaintiffs leave to file a new motion to tax costs on the sole issue of the reasonableness of that revised bill. Hayward 1900 filed a revised cost bill totaling $20,359.65. Plaintiffs did not file a motion to tax the revised cost bill.

Plaintiffs Hayward Area Planning Association and Hayward Hills Property Owners Association filed notices of appeal from the September 29, 2003 order denying their motion to deny Hayward 1900 recovery of any costs for preparation of the administrative record.[5]

## DISCUSSION

Plaintiffs frame the issue on appeal as a question of statutory construction: does section 21167.6 authorize the court to award the costs of preparing a CEQA administrative record to a real party in interest absent Plaintiffs' consent?

---

[5] Greenbelt Alliance also appealed this order, but its appeal was later dismissed at its own request.

## I. *Request for Judicial Notice*

■ As a preliminary matter, we deny plaintiffs' request for judicial notice of a settlement agreement between Hayward 1900, Hayward Area Planning Association and Greenbelt Alliance and a series of newspaper articles. Only relevant material is a proper subject of judicial notice, even where the Evidence Code provides in mandatory terms that matters be judicially noticed. (*Mangini v. R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 [31 Cal.Rptr.2d 358, 875 P.2d 73].) Plaintiffs argue the materials are relevant because they demonstrate that Hayward 1900 has used its substantial cost bill as a means of intimidating two of the original petitioners into dropping their legal challenges to Hayward 1900's projects. That development, however, is irrelevant to the sole issue on appeal, a question of statutory interpretation.[6]

## II. *Statutory Construction of Section 21167.6, Subdivision (b)(1)*

■ Statutory construction is a question of law we decide de novo. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].) Our primary objective in interpreting a statute is to determine and give effect to the underlying legislative intent. (Code Civ. Proc., § 1859.) Intent is determined foremost by the plain meaning of the statutory language. If the language is clear and unambiguous, there is no need for judicial construction. When the language is reasonably susceptible of more than one meaning, it is proper to examine a variety of extrinsic aids, including the scheme and purpose of the legislation. (See *Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 775–776 [72 Cal.Rptr.2d 624, 952 P.2d 641].)

Section 21167.6 provides that in proceedings to review the acts of public entities for noncompliance with CEQA the following procedures shall be followed: "(a) At the time that the action or proceeding is filed, the plaintiff or petitioner shall file a request that the respondent public agency prepare the record of proceedings relating to the subject of the action or proceeding. . . . [¶] (b)(1) The public agency shall prepare and certify the record of proceedings not later than 60 days from the date that the request specified in subdivision (a) was served upon the public agency. . . . The parties shall pay any reasonable costs or fees imposed for the preparation of the record of proceedings in conformance with any law or rule of court. [¶] (2) The plaintiff or petitioner may elect to prepare the record of proceedings

---

[6] Hayward 1900's motion to disregard a portion of the reply brief is denied.

or the parties may agree to an alternative method of preparation of the record of proceedings, subject to certification of its accuracy by the public agency, within the time limit specified in this subdivision. . . . [¶] (f) In preparing the record of proceedings, the party preparing the record shall strive to do so at reasonable cost in light of the scope of the record."

 Section 21167.6 authorizes only three ways to prepare a CEQA record, none of which were followed in this case. The three alternatives are (1) that the public agency prepare and certify the record; (2) that the petitioner prepare the record, subject to certification by the public agency; or (3) that the parties agree to an alternative method of preparing the record, subject to certification by the public agency. The City's delegation of the task to the real party in interest without obtaining the consent of plaintiffs was inconsistent with this statutory scheme.

As the trial court noted, the statute does not explicitly bar a real party in interest from recovering the costs of preparing the record. The statute provides, "The parties shall pay any reasonable costs or fees imposed for the preparation of the record of proceedings in conformance with any law or rule of court." (§ 21167.6, subd. (b)(1).) The statute identifies who shall pay costs ("the parties"), but does not identify who may receive such payment. Because the provision appears in subdivision (b)(1), which authorizes the public agency to prepare the record, it can be construed to permit only the public agency to claim those costs. On the other hand, as Hayward 1900 argues, it can be construed to allow costs to any party because the only express restriction is that costs be awarded in conformance with applicable law. The statute is ambiguous.

 When confronted with ambiguous statutory language, we construe it in a manner consistent with the statutory scheme and purpose. Here, as the trial court correctly observed, the three-part scheme for preparing the record advances the legislative purpose of enabling the petitioner to minimize the cost of record preparation. When the record is prepared under section 21167.6, subdivision (b)(2), either the petitioner directly controls the costs by its personal assumption of the task or it indirectly controls the costs by consenting to an alternative arrangement. When the agency prepares the record under section 21167.6, subdivision (b)(1), costs are controlled in three ways. First, as occurred in this case, the petitioner may request an initial cost estimate to inform its decision whether to prepare the record itself. That cost estimate serves as a restraint on the agency's ultimate recovery of costs.

Second, the agency has a duty to act in the public interest and it is accountable to its constituents for the use of public funds. Had the City here, for example, contracted with Hayward 1900 and assumed responsibility for the costs in the first instance, it would have been required to file a cost bill in its own name. Third, the agency is bound by the statutory mandate to minimize costs, which the trial court enforces by taxing unreasonable costs. (§ 21167.6, subd. (f).)

■ In the circumstances of this case, the cost restraints inherent in section 21167.6, subdivision (b)(1) did not operate according to the Legislature's design because the real party in interest rather than the City sought recovery of the costs. We note that rather than simply seeking or accepting the assistance of the real party in interest in preparing the record, which is not uncommon (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 373 [1 Cal.Rptr.3d 726], citing 2 Kosta & Zischke, Practice Under the Cal. Environmental Quality Act (Cont.Ed.Bar 2003) § 23.67, p. 987), the City effectively delegated the task to Hayward 1900.[7] Although courts have allowed public agencies to collect the labor costs of outside assistance when they prepare the record under section 21167.6, subdivision (b)(1), no court has condoned the unilateral delegation of the task to a party with an interest in the litigation. In *River Valley Preservation Project v. Metropolitan Transit Development Bd.* (1995) 37 Cal.App.4th 154 [43 Cal.Rptr.2d 501], the court held that a public agency may seek reimbursement for the labor costs of its own skilled employees who help prepare a record, assuming those costs are both necessary and reasonable. (*Id.* at pp. 181–182.) In *Citizens for Quality Growth v. City of Mt. Shasta* (1988) 198 Cal.App.3d 433 [243 Cal.Rptr. 727], the court impliedly approved a public agency's use of its own private law firm to prepare the record, subject to review for reasonableness. (*Id.* at pp. 447–448.) In neither of those cases did the public agency assign the task of preparing the record to a party with a private interest in the litigation.

The delegation of the task to Hayward 1900 undermined the statutory scheme for controlling the costs of record preparation. First, Plaintiffs had no control over the costs because they were denied the opportunity to make an informed choice whether to prepare the record themselves or to consent to the

---

[7] At oral argument Hayward 1900 objected to the characterization of the arrangement as a "wholesale delegation by the City." Counsel cited declarations (which were submitted to the trial court) of the attorneys for the School District and for the City. Each stated in identical language that Hayward 1900 assigned a paralegal to prepare the record under their supervision. After our careful review of the record including the detailed summary of the paralegal's time/billing entries, we find no evidence of supervision of the paralegal's billable hours or expenses by the City. Indeed, Defendants' participation appears to have been limited to what they would have done in any event to certify the record. Notably, the trial court found that Defendants "assign[ed]" the task of record preparation to Hayward 1900, and agreed that "real parties in interest would prepare the administrative record."

alternative arrangement of having Hayward 1900 prepare the record. Second, because the City did not submit the cost bill itself, it was not forced to justify in a public forum the exorbitant request. Unlike a public agency, a developer real party in interest has a strong financial interest in the outcome and is free to act purely in its private interest. Because the City did not directly incur any liability for the costs, it had no incentive to control those costs. There is no evidence, for example, that the City required Hayward 1900 to abide by the City's initial cost estimate or that it monitored Hayward 1900's expenses during or after the record was assembled.[8]

The City's delegation of the task to Hayward 1900 also undermined the statutory purpose of expediting CEQA litigation. (See § 21167.1, subd. (a).) As a result of the skewed incentives caused by the delegation, the mounting costs of record preparation did not come under scrutiny until the end of the trial court proceedings. Under the Legislature's scheme, either the plaintiff or the defendant public agency or both would have had reason to control those costs as the record was being prepared, promoting efficiency and limiting the need for time consuming litigation and judicial intervention.

■ The trial court sought a reasonable and pragmatic result by allowing Hayward 1900 to collect the costs the City would have incurred had it prepared the record itself. We conclude, however, that in order to preserve the statutory scheme and purpose of section 21167.6, subdivision (b), the public agency must itself incur and seek recovery of the costs of record preparation when the record is prepared under subdivision (b)(1). Because that did not occur in this case, costs must be denied.[9]

III. *Attorney Fees and Costs*

Plaintiffs seek an award of attorney fees on appeal. They make a strained argument that Hayward 1900's cost bill was analogous to a strategic lawsuit against public participation (SLAPP suit). We are unpersuaded by the analogy and exercise our discretion to deny fees. (Code Civ. Proc., § 1021.5.)

---

[8] The trial court found "[t]he evidence presented with this motion does not reflect that the respondents here [City] gave any consideration to minimizing costs before or after *assigning* the task of record preparation to the real parties in interest." (Italics added.)

[9] Hayward 1900 argues that Plaintiffs forfeited two arguments by failing to raise them below, arguments challenging the timeliness and reasonableness of Hayward 1900's amended cost bill. Because we conclude that Hayward 1900 should not recover any costs for preparation of the record and thus that the trial court erred by permitting Hayward 1900 to file an amended cost bill, those arguments are moot.

## DISPOSITION

The September 29, 2003 order permitting Hayward 1900 to file a revised cost bill is reversed. Hayward 1900 shall recover none of its costs of preparing the administrative record. Plaintiffs are awarded their costs on appeal.

Jones, P. J., and Simons, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied July 13, 2005. George, C. J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.