Filed 6/30/14  McDonnell v. Jarvis CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JOHN L. MCDONNELL, JR., as Trustee, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> TODD JARVIS, <br><br> Defendant and Appellant. | H037704 <br><br> (Monterey County <br> Super. Ct. No. P31598) |

## I.  INTRODUCTION

The Jarvis Ranch, which includes more than 300 acres of agricultural land in Monterey County, is an asset of the Jarvis Replacement Administrative Trust (the Trust). Appellant Todd Jarvis and his brother James Jarvis[1] are co-settlors and beneficiaries of the Trust.  Respondent John McDonnell, Jr. is the court-appointed trustee.

At all times since McDonnell was appointed trustee in 2004 issues arising from the Trust have been litigated in Monterey County Superior Court.   In 2011, Todd filed a motion to change venue to Alameda County.  Todd argued that under the statute

---

[1] For ease of reference and meaning no disrespect, we will refer to Todd Jarvis and James Jarvis by their first names.

governing venue in trust actions, Probate Code section 17005, subdivision (a)(1),[2] Alameda County is the proper venue since McDonnell administers the Trust from his law offices in Oakland. The probate court denied the venue motion on the grounds of judicial estoppel and waiver, finding, among other things, that McDonnell's office has been located in Oakland since his 2004 appointment, and ordered Todd's attorney to pay attorney's fees of $4,812 because the motion was brought in bad faith and for purposes of delay.

On appeal, Todd argues that the trial court erred since his venue motion had merit and an award of attorney's fees was not warranted. For reasons that we will explain, we conclude that the trial court did not abuse its discretion and therefore we will affirm the order denying the motion to change venue to Alameda County, including the award of attorney's fees.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Trust was originally created as part of a court-supervised settlement of a dispute between Todd and James concerning the Jarvis Family Trusts, pursuant to an agreement between Todd and James dated December 18, 1998.[3] In 2004, Todd and James executed a first amendment to the Trust and McDonnell was appointed as trustee by order of the Monterey County Superior Court. The Trust's primary asset is the Jarvis Ranch, which is located in Monterey County and consists of 333.5 acres on the west side of Highway 101 and two parcels on the east side of Highway 101.

---

[2] All statutory references hereafter are to the Probate Code unless otherwise indicated.

[3] On our own motion, we take judicial notice of this court's opinions in the prior appeals in this matter, *McDonnell v. Jarvis* (Feb. 24, 2012, H035553) [nonpub. opn.] and *McDonnell v. Jarvis* (Oct. 23, 2013, H036490) [nonpub. opn.]. (Evid. Code, § 452, subd. (d)(1).) Our summary of the factual and procedural background includes some information that we have taken from the prior opinions.

**A.** *Todd's Motion to Change Venue*

On June 13, 2011, McDonnell filed a petition for authority to borrow money secured by a deed of trust on the Trust property. Under the terms of the Trust, the petition was required because Todd had objected to the proposed loan of $1.5 million. In support of the petition, McDonnell asserted that the loan was necessary to pay the Trust's current obligations, including legal fees and an income stream for the beneficiaries.

On June 21, 2011, Todd responded to the petition by filing a motion to change venue to Alameda County. Todd argued that Alameda County is the proper venue because McDonnell administers the Trust from his law offices in Oakland and under section 17002, subdivision (a) and section 17005, subdivision (a)(1), the venue for a proceeding concerning a living trust is the principal place of administration of the trust. Todd further argued that he had not waived the right to a change of venue because "[t]his is an entirely different lawsuit based on different facts and circumstances from previous lawsuits filed by [McDonnell]." According to Todd, a change of venue was also "good sense" because "it has been exorbitantly expensive to pay [McDonnell] and his extensive Oakland-based entourage to travel all the way from Oakland down to the Monterey County Courthouse . . . and back to their offices in Oakland for [T]rust Probate Court hearings."

In his opposition to the motion to change venue, McDonnell noted that Todd had filed an ex parte application in 2010 that included a motion for change of venue to Santa Clara County, which the probate court had denied. McDonnell also noted that Todd had made verified representations in prior court filings that the principal place of administration of the Trust was Monterey County. McDonnell attached as exhibits to the opposition excerpts of ex parte petitions filed by Todd on September 8, 2009, and September 9, 2009, in Monterey County Superior Court in this case (No. P31598). Both excerpts included Todd's statement that "[t]he principal place of administration of the [Trust] is the County of Monterey." Additionally, McDonnell asserted that the terms of

3

the Trust gave the Monterey County Superior Court "exclusive jurisdiction." McDonnell therefore contended that the principal place of administration of the Trust is, and has always been, Monterey County.

McDonnell also requested an award of attorney's fees and costs in the amount of $4,812.50 against Todd's attorney pursuant to Code of Civil Procedure section 396b, subdivision (b) on the grounds that the motion to change venue was filed in bad faith and for purposes of delay.

**B.** *Order Denying Venue Motion*

On September 7, 2011, the probate court entered its order denying Todd's motion for a change of venue to Alameda County and awarding attorney fees of $4,812 to McDonnell, to be paid by Todd's attorney Robin Calder in her capacity as counsel for the moving party.

The order also includes the probate court's findings: (1) the principal place of administration of the Trust within the meaning of section 17002, subdivision (a) is Monterey County; (2) Todd and Calder "having previously asserted in two petitions filed in this case" that the principal place of Trust administration was Monterey County, Todd was "judicially estopped from taking a contrary position when none of the supporting facts have changed"; (3) Todd was also judicially estopped from taking taking a contrary position because he had nominated McDonnell as trustee in 2004 knowing that McDonnell maintained his office in Alameda County and had subsequently represented to the court that the principal place of Trust administration is Monterey County; (4) Todd had waived any objections to venue in Monterey County because he, and at times when represented by attorney Calder, had represented in responses to several petitions filed in this case since 2004 that the principal place of Trust administration is Monterey County, without objecting to venue in Monterey County; (5) Todd and attorney Calder had shown no grounds for a new motion for change of venue since their previous motion for change of venue brought less than a year ago, given that the facts establishing the principal place

4

of Trust administration in Monterey County had not changed since 2004; and (6) the instant motion to change venue was filed in bad faith and for purposes of delay under Code of Civil Procedure section 396b, subdivision (b).

Todd subsequently filed notices of appeal from the September 7, 2011 order denying his motion for change of venue and awarding attorney's fees and the October 19, 2011 order granting McDonnell's petition for authority to borrow money secured by a deed of trust on Trust property.

## III. DISCUSSION

On appeal, Todd challenges only the September 7, 2011 order denying his motion for a change of venue to Alameda County and awarding attorney's fees. Our review is therefore limited to the September 7, 2011 order and we will not address the October 19, 2011 order granting the petition for authority to borrow money secured by a deed of trust on Trust property.[4]

### A. *The Motion to Change Venue to Alameda County*

#### 1. The Parties' Contentions

Todd argues that under section 17002, subdivision (a), the proper venue for petitions concerning the Trust is Alameda County.[5] According to Todd, Alameda County

---

[4] We deny Todd's October 25, 2012 request for judicial notice of three documents, including the California State Bar records of respondent's counsel and certain court documents previously filed by Todd in Trust litigation in Monterey County Superior Court, on the ground that these documents are irrelevant to the issues to be decided in this appeal. (See, e.g., *Hayward Area Planning Assn. v. City of Hayward* (2005) 128 Cal.App.4th 176, 182 [only relevant material is a proper subject of judicial notice].)

[5] Todd also argues on appeal that venue is proper in San Francisco County since McDonnell's law offices are now located there. We will disregard this argument since it was not made in the proceedings below and relies on facts outside the record on appeal. " ' "Statements of alleged fact in the briefs on appeal which are not contained in the record and were never called to the attention of the trial court will be disregarded by this

5

is the principal place of administration of the Trust since McDonnell carries on the day-to-day activities of the Trust in his law offices in Oakland.

We understand Todd to also argue that every petition concerning a living trust constitutes a new action in which a motion to change venue may be properly made. Todd explains that his motion to change venue to Alameda County, made in response to McDonnell's petition for authority to borrow money secured by a deed of trust on Trust property, was therefore timely and procedurally correct although the litigation of prior Trust petitions took place in Monterey County Superior Court. For the same reason, Todd contends that he has not waived his venue challenge. Todd also contends that denial of his venue motion is prejudicial.

McDonnell responds that the probate court properly determined that Todd's venue motion was barred on the grounds of judicial estoppel and waiver, since Todd (1) did not specify venue in Alameda County when Alameda County-based McDonnell was appointed trustee in 2004; (2) stated under penalty of perjury in petitions filed in 2009 that the principal place of Trust administration is Monterey County; (3) did not state that venue in Monterey County was improper in his prior motion to change venue to Santa Clara County; and (4) failed to object to venue in Monterey County during the seven years of Trust litigation preceding the motion to change venue to Alameda County.

We will begin our evaluation of the parties' contentions with an overview of the rules governing venue in trust actions and the applicable standard of review for an order denying a motion to change venue.

---

court on appeal." ' [Citation.]" (*Cassidy v. California Bd. of Accountancy* (2013) 220 Cal.App.4th 620, 628.)

## 2. Venue in Trust Actions

The statutes governing venue in trust actions are section 17005 and section 17002. (See *Estate of Ivey* (1994) 22 Cal.App.4th 873, 880 (*Ivey*).) Regarding living trusts,[6] section 17005, subdivision (a)(1) provides: "The proper county for commencement of a proceeding pursuant to this division is . . . : [¶] . . . In the case of a living trust, the county where the principal place of administration of the trust is located."

Section 17002, subdivisions (a) and (b)(1) further provides: "The principal place of administration of the trust is the usual place where the day-to-day activity of the trust is carried on by the trustee or its representative who is primarily responsible for the administration of the trust. [¶] . . . If the principal place of administration of the trust cannot be determined under subdivision (a), it shall be determined as follows: [¶] . . . If the trust has a single trustee, the principal place of administration of the trust is the trustee's residence or usual place of business."

The Probate Code does not provide rules for a motion to change venue in a trust proceeding. However, section 1000 of the Probate Code provides for the application of the Code of Civil Procedure, as follows: "Except to the extent that this code provides applicable rules, the rules of practice applicable to civil actions, . . . apply to, and constitute the rules of practice in, proceedings under this code." Thus, section 1000 "provides that the provisions of the Code of Civil Procedure apply when the Probate Code is silent as to a particular rule of procedure. [Citations.]" (*Schwartz v. Schwartz* (2008) 167 Cal.App.4th 733, 742.)

Accordingly, Code of Civil Procedure section 396b (hereafter, section 396b), which governs transfer of venue in civil actions, applies to a motion to change venue in a trust proceeding. (See *Ivey*, *supra*, 22 Cal.App.4th at p. 880.) Section 396b, subdivision (a) provides, with exceptions not relevant here, that "if an action or proceeding is

---

[6] The parties agree that the Trust is a living trust.

7

commenced in a court having jurisdiction of the subject matter thereof, other than the court designated as the proper court for the trial thereof, under this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he or she answers, demurs, or moves to strike, or, at his or her option, without answering, demurring, or moving to strike and within the time otherwise allowed to respond to the complaint, files with the clerk, a notice of motion for an order transferring the action or proceeding to the proper court, together with proof of service, upon the adverse party, of a copy of those papers.  Upon the hearing of the motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court."

The standard of review for an order granting or denying a motion to change venue is abuse of discretion.  (*Fontaine v. Superior Court* (2009) 175 Cal.App.4th 830, 836.) "A trial court abuses its discretion when venue is mandatory in a county other than the county where the action has been brought.  [Citation.]" (*State Bd. of Equalization v. Superior Court* (2006) 138 Cal.App.4th 951, 954.)

We next address the issue of whether the probate court abused its discretion in denying Todd's motion to change venue on the ground of judicial estoppel, since our resolution of that issue is dispositive.

### 3.  Judicial Estoppel

The California Supreme Court has instructed that " ' "[j]udicial estoppel precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position.  [Citations.]  The doctrine's dual goals are to maintain the integrity of the judicial system and to protect parties from opponents' unfair strategies.  [Citation.]" ' " (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 986 (*Aguilar*) Thus, " ' " ' "[j]udicial estoppel is 'intended to protect against a litigant playing "fast and loose with the courts." ' " ' " . . .  'It seems patently wrong to allow a person to abuse the judicial process by first [advocating] one position, and later, if it becomes beneficial, to

8

assert the opposite.' " ' [Citation.]" (*Jogani v. Jogani* (2006) 141 Cal.App.4th 158, 169-170.)

The doctrine of judicial estoppel "applies when '(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.' [Citations.]" (*Aguilar*, *supra*, 32 Cal.4th at pp. 986-987; accord, *MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* (2005) 36 Cal.4th 412, 422.)

"We review the findings of fact upon which the application of judicial estoppel is based under the substantial evidence test. [Citation.] When the facts are undisputed, we independently review whether the elements of judicial estoppel have been satisfied. [Citation.] Whether the doctrine should be applied even if the necessary elements are satisfied is a matter within the discretion of the trial court, which we review under the abuse of discretion standard. [Citation.]" (*Owens v. County of Los Angeles* (2013) 220 Cal.App.4th 107, 121 (*Owens*).)

In the present case, the facts on which the probate court based its application of judicial estoppel are undisputed. We will therefore independently review whether the five elements of judicial estoppel were satisfied. (*Owens*, *supra*, 220 Cal.App.4th at p. 121.)

First, it is clear that Todd has taken two positions regarding the principal place of administration of the Trust, and therefore the first element of judicial estoppel is satisfied. In ex parte petitions filed in this case (No. P31598) on September 8, 2009, and September 9, 2009, in Monterey County Superior Court, Todd stated his position that "[t]he principal place of administration of the [Trust] is the County of Monterey." In the 2011 motion to change venue at issue in this appeal, Todd has asserted that the principal place of administration of the Trust is Alameda County.

9

The second element of judicial estoppel is satisfied because Todd obviously asserted his two positions regarding the principal place of administration of the Trust in judicial proceedings. (*Aguilar*, *supra*, 32 Cal.4th at p. 986.)

As to the third element of judicial estoppel, Todd was successful in asserting his first position—that the principal place of Trust administration was Monterey County—since the record reflects that the Monterey County Superior Court has been the venue for prior proceedings involving the Trust since 2004.

Todd's two positions regarding the principal place of administration of the Trust are clearly inconsistent since the principal place of administration of the Trust cannot be both Monterey County and Alameda County, absent a change in circumstances not present here. (See Prob. Code, § 17005, subdivision (a)(1); and § 17002, subd. (a).) The fourth element of judicial estoppel is therefore satisfied. (*Aguilar*, *supra*, 32 Cal.4th at p. 986.) Finally, the fifth element of judicial estoppel is satisfied because Todd has not argued that his first position—that the principal place of Trust administration is Monterey County—was taken as the result of ignorance, fraud, and mistake. (*Aguilar, supra,* 32 Cal.4th at pp. 986-987.)

Having determined that the elements of judicial estoppel are satisfied, we next determine whether the probate court abused its discretion in applying judicial estoppel "under the particular facts and circumstances of this case." (*Owens*, *supra*, 220 Cal.App.4th at p. 122.) " ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." ' " (*In re Jasmine D.* (2000) 78 Cal.App.4th 1339.)

Here, the facts and circumstances include the litigation of multiple petitions involving the Trust in Monterey County Superior Court since McDonnell was appointed trustee in 2004. The circumstances also include Todd's failure to seek a venue change to Alameda County until 2011, when he filed the motion to change venue to Alameda County in response to McDonnell's petition for authority to borrow money secured by a

10

deed of trust on Trust property. The basis of Todd's 2011 venue motion was his contention that the principal place of Trust administration is Alameda County because McDonnell's law offices are located in Oakland. However, it is undisputed that McDonnell has maintained his law offices in Oakland continuously since his appointment in 2004. Thus, McDonnell's law offices were in Oakland at the time of Todd's 2009 statements in probate court filings in this case (No. P31598) that the principal place of Trust administration is Monterey County.

Based on these facts and circumstances, we conclude that the probate court could reasonably find that judicial estoppel applied and therefore the court did not abuse its discretion in denying Todd's motion to change venue on that ground. Having reached this conclusion, we need not address the issues of waiver and prejudice.

Todd's argument that each petition filed by McDonnell concerning the Trust constitutes a new action that is properly subject to a motion to change venue does not persuade us to change our conclusion. Todd has not provided any direct legal authority for the proposition that a petition filed by the trustee in trust proceedings, under the same probate court case number as many previous petitions involving the same trust, nevertheless constitutes a new action for venue purposes.

Having concluded that the trial court did not abuse its discretion, we will affirm the order denying Todd's motion to change venue to Alameda County.

## B. *Attorney's Fees*

Todd's final argument on appeal is that the probate court erred in finding that Todd brought the motion to change venue to Alameda County in bad faith and for purposes of delay and awarding attorney fees of $4,812 to McDonnell as the prevailing party under section 396b, subdivision (b)(2), to be paid by Todd's attorney, Robin Calder, in her capacity as counsel for the moving party. Todd does not challenge the amount of the award.

11

Todd argues that the delay in hearing the motion to change venue to Alameda County was only 32 days and was the result of McDonnell's attorney's vacation and the available hearing dates. Todd further argues, without citation to relevant authority, that even if there was a mistake of law in bringing the venue motion, a mistake of law cannot be punished pursuant to a theory of judicial estoppel. Alternatively, Todd asserts that the probate court ruled from the bench during the July 27, 2011 hearing on the venue motion that his attorney had not acted in bad faith and there is no evidence that the motion was brought for an improper purpose.

McDonnell disagrees. He argues that the probate court's finding that the venue motion was brought in bad faith and for purposes of delay is supported by substantial evidence since, as the court determined, there had not been any change in the facts that would warrant bringing another motion to change venue less than a year after Todd's previous motion to change venue to Santa Clara County was denied. McDonnell also points out that although the probate court awarded attorney's fees against Todd at the time of the July 27, 2011 hearing, the written order filed on September 7, 2011 awarded attorney's fees against Todd's attorney to comply with the provision of section 396b, subdivision (b)(2) that such fees are the personal liability of the attorney.

An award of attorney's fees to the prevailing party on the denial of a motion to change venue is authorized by section 396b. Section 396b, subdivision (b) provides that "[i]n its discretion, the court may order the payment to the prevailing party of reasonable expenses and attorney's fees incurred in making or resisting the motion to transfer whether or not that party is otherwise entitled to recover his or her costs of action. In determining whether that order for expenses and fees shall be made, the court shall take into consideration (1) whether an offer to stipulate to change of venue was reasonably made and rejected, and (2) *whether the motion or selection of venue was made in good faith given the facts and law the party making the motion . . . knew or should have known. As between the party and his or her attorney, those expenses and fees shall be the*

*personal liability of the attorney not chargeable to the party.* Sanctions shall not be imposed pursuant to this subdivision except on notice contained in a party's papers, or on the court's own noticed motion, and after opportunity to be heard." (Italics added.)

Thus, under section 396b, subdivision (b) "the court is empowered to assess attorney fees against a lawyer who files an action in the wrong county or a lawyer who files a motion for a change of venue found to be without merit." (*Metzger v. Silverman* (1976) 62 Cal.App.3d Supp. 30, 40 [construing former section 396b].)

The California Supreme Court has stated the standard of review for an order awarding attorney's fees under section 396b: "Where, as here, the trial court has discretionary power to decide an issue, its decision will be reversed only if there has been a prejudicial abuse of discretion. ' "To be entitled to relief on appeal . . . it must clearly appear that the injury resulting from such wrong is sufficiently grave to amount to a manifest miscarriage of justice . . . . [Citations.]" ' [Citation.]" (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 932 (*Mission Imports*).) The *Mission Imports* court determined that the trial court did not abuse its discretion in awarding costs and attorney's fees under former section 396b where the motion for change of venue "clearly lacked any legal foundation given the facts [the moving party] knew or should have known." (*Ibid.*)

We similarly determine that the probate court did not abuse its discretion in awarding attorney's fees in the present case, given the facts Todd knew or should have known before making his motion to change venue to Alameda County. (§ 396b, subdivision (b)(2).) The record reflects that when Todd brought the motion to change venue to Alameda County in 2011 based on his contention that the principal place of administration of the Trust is Alameda County, because McDonnell conducts the day-to-day activities of the Trust from his law offices in Oakland, Todd knew or should have known that (1) he had stated in probate court filings in 2009 that the principal place of Trust administration is Monterey County; (2) he had recently made a motion to change

13

venue to Santa Clara County that was denied; (3) McDonnell's law office has been continuously located in Oakland since McDonnell's appointment as trustee in 2004; and (4) the petitions filed by McDonnell with regard to the Trust, with the exception of the 2011 petition for authority to borrow money secured by a deed of trust on Trust property, had been litigated in Monterey County since 2004 without Todd moving to change venue to Alameda County. Consequently, the probate court could reasonably determined that given the facts Todd knew or should have known, his motion to change venue to Alameda County was not made in good faith.

The decision on which Todd relies, *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1018 does not aid him because that decision concerns the application of judicial estoppel in the bankruptcy context and does not address an award of attorney's fees under section 396, subdivision (b).

Further, we find that the record does not support Todd's contention that the probate court ruled from the bench during the July 27, 2011 hearing on the motion to change venue to Alameda County that attorney Calder had not acted in bad faith. Attorney Calder inquired of the court, "You're imposing sanctions on me for bad faith?" The court responded, "I am not awarding them against you. I'm awarding them against your client." As McDonnell has noted, the written order of September 7, 2011, awarded attorney's fees to McDonnell as the prevailing party, to be paid by attorney Calder in her capacity as attorney for the moving party, to comply with the requirement of section 396b, subdivision (b)(2) that fees awarded to the prevailing party on a motion to change venue "shall be the personal liability of the [moving party's] attorney not chargeable to the party."

In any event, section 396b, subdivision (b)(2) does not require a finding that the moving party's attorney acted in bad faith, since the statute expressly provides for a determination of whether the venue motion was made in good faith "given the facts and law *the party* making the motion . . . knew or should have known." [Italics added.]

14

For these reasons, we determined that the probate court did not abuse its discretion in awarding attorney's fees of $4,812 to McDonnell as the prevailing party, to be paid by attorney Calder in her capacity as attorney for the moving party.

## IV.  DISPOSITION

The September 7, 2011 order is affirmed.  Costs on appeal are awarded to respondent.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
MIHARA, J.

15