[No. F070988. Fifth Dist. Sept. 12, 2016.]

CITIZENS FOR CERES, Plaintiff and Appellant, v.
CITY OF CERES, Defendant and Respondent;
WALMART STORES, INC., et al., Real Parties in Interest and Respondents.

[No. F071600. Fifth Dist. Sept. 12, 2016.]

CITIZENS FOR CERES, Plaintiff and Respondent, v.
CITY OF CERES, Defendant and Respondent;
WALMART STORES, INC., et al., Real Parties in Interest and Appellants.

**COUNSEL**

Shore, McKinley & Conger, Brett S. Jolley and Aaron S. McKinney for Plaintiff and Appellant and for Plaintiff and Respondent.

Meyers, Nave, Riback, Silver & Wilson and Edward A. Grutzmacher for Defendant and Respondent.

K & L Gates, Edward P. Sangster and Daniel W. Fox for Real Parties in Interest and Respondents and for Real Parties in Interest and Appellants.

**OPINION**

**SMITH, J.**—After conducting an environmental review, the City of Ceres (city) approved the development of a shopping center anchored by a Walmart Supercenter to replace an existing Walmart store. Citizens for Ceres (Citizens) filed a petition for a writ of mandate in the trial court pursuant to the California Environmental Quality Act (Pub. Resources Code, § 21000 et seq.)[1] (CEQA), alleging several defects in the environmental documents

---

[1] Subsequent statutory references are to the Public Resources Code unless otherwise noted.

the city certified when it approved the project. The trial court denied the petition and Citizens appeals.

Citizens makes four arguments: (1) The environmental impact report (EIR) certified by the city did not mandate adequate mitigation measures for the urban decay impact of the project; (2) the EIR did not sufficiently analyze the project's impacts on landfill and recycling facilities and did not mandate adequate mitigation measures for those impacts; (3) the EIR failed to contain adequate information correlating the project's air pollution impacts with resulting effects on human health; and (4) the city's statement of overriding considerations, a document that explains how the project's benefits will outweigh its significant and unavoidable environmental impacts, was not supported by substantial evidence. We reject each of these arguments.

After prevailing in the trial court, real parties in interest Walmart Stores, Inc., and Walmart Real Estate Business Trust (collectively Walmart) filed a memorandum of costs in which they requested, among other things, an award against Citizens of $48,889.71 for the cost of preparing the administrative record. The city had incurred this cost by directing the record's preparation by outside counsel and Walmart had reimbursed the city. Granting Citizens' motion to tax costs, the trial court struck this item from Walmart's memorandum of costs. The court held that *Hayward Area Planning Assn. v. City of Hayward* (2005) 128 Cal.App.4th 176 [26 Cal.Rptr.3d 783] (*Hayward Area Planning*) and section 21167.6, subdivision (b)(1) and (2), bar a real party in interest from recovering the cost of preparing the administrative record when a petitioner had requested a lead agency to prepare the record and had not consented to a real party's involvement in its preparation. In a separate appeal, Walmart argues that this application of *Hayward Area Planning* was erroneous. We agree.

We affirm the trial court on the appeal by Citizens and reverse as to Walmart's appeal on the cost of preparing the administrative record.[2]

## *FACTS AND PROCEDURAL HISTORY*

The project is a shopping center with about 300,000 square feet of retail space located at Mitchell Road and Service Road in Ceres. A building of about 190,000 square feet constitutes the first phase, to be occupied by a Walmart store. This store will replace an existing Walmart in Ceres. The new store will have nongrocery space comparable to the existing store, to which it

---

[2] This is the second opinion we have issued in this case. The first, *Citizens for Ceres v. Superior Court* (2013) 217 Cal.App.4th 889 [159 Cal.Rptr.3d 789] (*Citizens for Ceres I*), granted Citizens' petition for a writ of mandate regarding privilege claims erroneously sustained by the trial court in connection with the preparation of the administrative record.

will add a 56,000-square-foot grocery area. The remainder of the project includes 10 additional buildings intended for smaller stores and restaurants. There is no specific timetable for the construction of any but the Walmart portion of the project.

An application for the necessary land use approvals was submitted to the city on February 16, 2007, by an entity called Regency Centers. Walmart bought the land from Regency Centers in 2009 and became the project applicant.

The city issued a notice of preparation of the EIR on September 5, 2007. It released the draft EIR on May 19, 2010, and announced a 45-day public comment period. The final EIR, including responses to comments, was issued on February 2, 2011. The city's planning commission held public hearings on February 22 and April 4, 2011, and voted to certify the final EIR.

The city's procedures provided for a process referred to as an appeal, in which the city council would review the planning commission's decision. Citizens filed such an appeal, leading to public hearings before the city council on May 23, August 22, and September 12, 2011. The city council upheld the planning commission's decision and again certified the final EIR. The city issued a notice of determination on September 13, 2011, stating that it had certified the EIR. The land use approvals granted included a conditional use permit and a vesting tentative subdivision map.[3]

Citizens filed its writ petition in the trial court on October 12, 2011. The petition advanced the claims Citizens advances in this appeal, among others.

While the writ petition was pending, a dispute developed between the parties over the city's claim that all communications between the city and Walmart were privileged. The city refused to disclose these communications and did not include them in the administrative record it prepared for purposes of the writ proceedings in the trial court. (*Citizens for Ceres I, supra,* 217 Cal.App.4th at pp. 899–900.) The trial court upheld the privilege claims, and Citizens filed a writ petition in this court. (*Id.* at p. 905.) In our opinion filed on July 8, 2013, we held that, for all communications preceding project approval and passing between the city and Walmart, privileges were waived by disclosure and the common interest doctrine did not apply. (*Id.* at pp. 898, 914.)

---

[3] A conditional use permit authorizes a land use that, under a zoning ordinance, is allowed only when certain conditions are met. (*Neighbors in Support of Appropriate Land Use v. County of Tuolumne* (2007) 157 Cal.App.4th 997, 1006 [68 Cal.Rptr.3d 882].) A vesting tentative subdivision map authorizes a developer to proceed with development in accordance with local laws in effect at the time of application for the map, thus avoiding the potential for frustration of the project by later enactments. (*City of West Hollywood v. Beverly Towers, Inc.* (1991) 52 Cal.3d 1184, 1193, fn. 6 [278 Cal.Rptr. 375, 805 P.2d 329].)

The case then proceeded in the trial court, and Citizens' petition on the merits was heard and taken under submission on July 11, 2014. The court rejected all of Citizens' claims and denied relief in a statement of decision filed on November 3, 2014. Judgment was entered on November 25, 2014.

Walmart filed its memorandum of costs in the trial court on December 17, 2014. It requested $49,284.71 in costs. Of this, $395 was for filing fees and $48,889.71 was for "[o]ther." The "[o]ther" costs, which are at issue in this appeal, were broken down as follows: original administrative record, $34,981.84; supplemental administrative records, $12,258.87; and privilege log, $1,649.

Citizens had requested pursuant to section 21167.6 that the city prepare the administrative record, and the city had directed its outside counsel to carry out the preparation. When Walmart became the project applicant, it became successor to an agreement between the city and the prior applicant; this agreement included the project applicant's promise to reimburse the city for all expenses arising from legal challenges to the project. Walmart paid the city $48,889.71 for costs of preparing the administrative record.

Citizens responded to Walmart's memorandum of costs by filing a motion to tax costs, in which it challenged the $48,889.71 claim. Citizens' motion argued that, although the city, as the lead agency, could have recovered the cost of preparing the record under section 21167.6, Walmart could not. The trial court agreed.

## DISCUSSION

I.–V.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

VI.  *Order taxing costs*

Walmart argues that the trial court erred when it applied *Hayward Area Planning* to bar an award of costs to Walmart for preparation of the administrative record. We agree.

Section 21167.6 includes the following provisions regarding preparation of the administrative record for purposes of CEQA actions: "(a) At the time that the action or proceeding is filed, the plaintiff or petitioner shall file a request that the respondent public agency prepare the record of proceedings relating

---

*See footnote, *ante*, page 237.

to the subject of the action or proceeding . . . . [¶] (b)(1) The public agency shall prepare and certify the record of proceedings. . . . The parties shall pay any reasonable costs or fees imposed for the preparation of the record of proceedings in conformance with any law or rule of court. [¶] (2) The plaintiff or petitioner may elect to prepare the record of proceedings or the parties may agree to an alternative method of preparation of the record of proceedings, subject to certification of its accuracy by the public agency. . . . [¶] . . . [¶] (f) In preparing the record of proceedings, the party preparing the record shall strive to do so at reasonable cost in light of the scope of the record."

In *Hayward Area Planning*, the plaintiffs sued the City of Hayward under CEQA, challenging the city's approval of a developer's project. The plaintiffs requested that the city prepare the administrative record. The city asked the law firm representing the developer to prepare the record. The city and the developer prevailed in the trial court and the developer filed a cost bill seeking to recover against the plaintiffs the $50,193 it paid to its lawyers for preparation of the record, plus $228 in filing fees. (*Hayward Area Planning, supra*, 128 Cal.App.4th at pp. 179–180.) The plaintiffs filed a motion to tax costs, arguing among other things that the developer was not entitled to recover the cost of preparing the administrative record because that preparation was the responsibility of the public agency, not the project applicant, under section 21167.6. The trial court disagreed but found that the city should have notified the plaintiffs of its intention to delegate record preparation to the developer; also, the amount requested by the developer was unreasonable. The trial court directed the developer to file a revised cost bill. The plaintiffs appealed, contending the developer was not entitled to any recovery for preparing the administrative record. (*Hayward Area Planning, supra*, at pp. 180–181.)

■ The Court of Appeal agreed with the plaintiffs. It first stated that section 21167.6 provided only three alternatives for preparation of the administrative record: the agency could prepare it; the plaintiff could prepare it subject to the agency's certification; or the agency and the plaintiff could agree on a different procedure. The court pointed out that preparation by a real party in interest (i.e., a project applicant like the developer) was not among the options. (*Hayward Area Planning, supra*, 128 Cal.App.4th at p. 183.)

Next, the Court of Appeal found that section 21167.6 was ambiguous on the question of whether a real party in interest could recover the cost of preparing the administrative record from a defeated plaintiff, if it should end up bearing that cost. On the one hand, the statute allowed recovery "in conformance with any law or rule of court" (§ 21167.6, subd. (b)(1)), a

phrase that did not impose any limit on the parties who could recover. On the other hand, the provision allowing recovery of costs was part of the subdivision that said the public agency can prepare the record, which could be taken to imply that the public agency is also the party that can recover the cost of preparation. (*Hayward Area Planning, supra*, 128 Cal.App.4th at p. 183.)

The court resolved the ambiguity by finding that the policies of CEQA are best served by a rule that "the public agency must itself incur and seek recovery of the costs of record preparation when the record is prepared under subdivision (b)(1)." (*Hayward Area Planning, supra*, 128 Cal.App.4th at p. 185.) The court adduced several considerations in favor of this rule. First, the agency has incentives for minimizing costs that the applicant lacks. A public agency has a duty to act in the public interest and is accountable to its constituents if it fails to conserve public funds. (*Id.* at p. 184.) The applicant, by contrast, is free to act solely for its own private interest. (*Id.* at p. 185.) Further, when the agency prepares the record at its own expense, it knows it will have to justify any recovery in a public forum under the potential scrutiny of its constituents. This could be a motivation to avoid accumulating costs that are "exorbitant," like those claimed in the case. (*Ibid.*) Finally, allowing the applicant to prepare the record and recover the cost would undermine the statutory purpose of expediting CEQA litigation. (See § 21167.1, subd. (a) [CEQA actions to be given scheduling priority over other civil actions].) Because the applicant was preparing the record, "the mounting costs of record preparation did not come under scrutiny until the end of the trial court proceedings"; whereas the agency or the plaintiffs, had they prepared it, "would have had reason to control those costs as the record was being prepared, promoting efficiency and limiting the need for time consuming litigation and judicial intervention." (*Hayward Area Planning, supra*, at p. 185.) The court also stated that delegation of the preparation of the record to the applicant undermined the statutory scheme because the plaintiffs were not informed of the delegation in advance and had no opportunity to choose to prepare the record themselves to avoid having the applicants do it. (*Id.* at p. 184.)

■ In its written order granting Citizens' motion to tax costs, the trial court quoted the *Hayward Area Planning* opinion's rule that "the public agency must itself incur and seek recovery of the costs of record preparation when the record is prepared under subdivision (b)(1)." (*Hayward Area Planning, supra*, 128 Cal.App.4th at p. 185.) The trial court observed that the city in this case did *incur* the cost of preparing the record when it gave the task to its outside counsel, but it did not *seek recovery* of the cost. Walmart was doing that.

As we will explain, we disagree with the limitation in *Hayward Area Planning* on which prevailing parties are entitled to seek an award of the cost

of preparing the administrative record. *Hayward Area Planning* got it right when limiting awardable administrative record costs to situations in which the record was prepared in a statutorily approved manner, but not when excluding real parties in interest from the set of prevailing parties to which an award can be made.

■ A central premise of *Hayward Area Planning* is that, under section 21167.6, a party can be awarded the cost of preparing the administrative record only if it was prepared in one of the ways described in that section: by the agency, by the plaintiff, or by another method agreed on by the agency and the plaintiff. This premise is not explicitly stated in the opinion, but it is a necessary support for the holding of the case. Here, the record was prepared by one of the statutorily approved methods: The agency prepared it. An award of costs to Walmart thus would be consistent with this central premise.

In addition to stating the proper methods for preparing the administrative record (and thereby limiting the situations in which an award of costs for preparing it can be made), section 21167.6 provides that "[t]he parties shall pay any reasonable costs or fees imposed for the preparation of the record of proceedings in conformance with any law or rule of court." (§ 21167.6, subd. (b)(1).) Here, the law under which Walmart applied for a costs award was Code of Civil Procedure sections 1032 and 1033.5. Citizens does not argue that a prevailing real party in interest that has reimbursed a coparty for otherwise allowable costs cannot recover those costs from an opposing party under those statutes. We see nothing in section 21167.6 from which we could infer a limitation on the identity of the prevailing parties that can recover administrative record costs under Code of Civil Procedure sections 1032 and 1033.5, so long as the record has been prepared in one of the three specified ways.

*Hayward Area Planning* holds that one reason a real party in interest should not be allowed, absent an agreement between the agency and the plaintiff, to seek an award of administrative record costs paid to the agency is that the agency should be obliged to appear in a public forum to seek recovery in its own name. This, the court believed, would encourage public agencies to minimize the cost of preparing the record. (*Hayward Area Planning, supra*, 128 Cal.App.4th at p. 185.) This rule might or might not be good public policy, but we do not see how section 21167.6 implies it. Even if section 21167.6 reflects a cost-reducing motivation, it would be beyond the usual limits of judicial interpretation to discover in this motivation an unstated prohibition on real parties in interest submitting cost bills after reimbursing public agencies for preparing the administrative record.

Citizens argues that, just as the *Hayward Area Planning* court believed the real party there lacked a public agency's motivation to minimize costs in

preparing the record, here the city's incentive to reduce costs was weakened because of the reimbursement agreement. The city knew it would be reimbursed in full, win or lose. Citizens says the cost-reducing spirit of section 21167.6 is against allowing recovery under those circumstances. In our view, the trial court's power under Public Resources Code section 21167.6, subdivision (b)(1), and Code of Civil Procedure section 1033.5 to reduce unreasonable costs suffices to mitigate this concern.

■ Citizens says it did not have a chance to agree to the procedure by which the city would prepare the record and Walmart would reimburse it. Citizens relies on the remarks in *Hayward Area Planning* about how the plaintiff in that case was not consulted before the agency entrusted the developer with the task of preparing the record. (*Hayward Area Planning, supra*, 128 Cal.App.4th at p. 184.) We do not think this was required in this case. We agree with the *Hayward Area Planning* court's view that section 21167.6 would require the plaintiff's agreement before an agency could delegate record preparation to a real party in interest, but this does not imply anything about a real party in interest covering an agency's costs after the record is prepared by the agency and then applying for a cost award as a prevailing party.

Code of Civil Procedure section 1032 states that a prevailing party is "entitled" to a cost award "as a matter of right" in "any action or proceeding," except "as otherwise expressly provided by statute." (Code Civ. Proc., § 1032, subd. (b).) The key premise of *Hayward Area Planning*—that administrative record costs can be recovered by a prevailing party only if the record was prepared in one of the approved ways—can rightly be seen as a specific limitation on cost awards imposed by section 21167.6; but we do not think a prevailing party's right to recover costs can be squared with an additional rule that a prevailing real party is barred from recovery by section 21167.6 even if the administrative record was prepared in one of the approved ways.

For these reasons, we will reverse the order granting Citizens' motion to tax costs. Because the trial court had no occasion previously to consider whether the claimed administrative record costs were reasonable, we will remand to allow that determination to be made.

## *DISPOSITION*

The judgment in case No. F070988 is affirmed. The order to tax costs in case No. F071600 is reversed and the case is remanded for further proceedings

consistent with this opinion. Respondents are awarded costs in the merits appeal, case No. F070988. Appellants are awarded costs in the costs appeal, case No. F071600.

Poochigian, Acting P. J., concurred.

**FRANSON, J.,** Concurring.—[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

A petition for a rehearing was denied October 4, 2016, and the opinion was modified to read as printed above.

---

[*]See footnote, *ante*, page 237.